JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JARED L. TAYLOR

**DEFENDANTS**
RYDER TRUCK RENTAL INC. and RYDER TRUCK RENTAL LT and RYDER SYSTEM, INC. and BREAK THE FLOOR PRODUCTIONS LLC D/B/A NUVO and NICHOLAS J. HENDERSON

**(b)** County of Residence of First Listed Plaintiff    Passaic County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Miami-Dade County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jeffrey A. Krawitz, Esq./Stark & Stark, a Professional Corporation
777 Township Line Road, Suite 120, Yardley, PA  19067; 267-907-9600
(See Attached Addendum)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❒ 1 | U.S. Government Plaintiff | ❒ 3 Federal Question *(U.S. Government Not a Party)* |
| ❒ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ☒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' Liability | ❒ 368 Asbestos Personal Injury Product | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 340 Marine | Liability | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| | ❒ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ❒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 720 Labor/Management Relations | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | ❒ 362 Personal Injury - Medical Malpractice | ❒ 385 Property Damage Product Liability | ❒ 740 Railway Labor Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | | | ❒ 751 Family and Medical Leave Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | | | | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 895 Freedom of Information Act |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement Income Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 896 Arbitration |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | | |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❒ 2 Removed from State Court | ❒ 3 Remanded from Appellate Court | ❒ 4 Reinstated or Reopened | ❒ 5 Transferred from Another District *(specify)* | ❒ 6 Multidistrict Litigation - Transfer   ❒ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332 and 28 U.S.C. 1391
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  3/11/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ADDENDUM TO CIVIL COVER SHEET

### Attorneys for Plaintiff

Michael L. Saile, Jr., Esquire
Cordisco & Saile LLC
900 Northbook Drive
Suite 120
Trevose, PA  19053
215-642-2335

4829-8064-6537, v. 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-1068

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 25 N. 10th Street, Paterson, NJ  07522

Address of Defendant: _____ 11690 NW 105 Street, Miami, FL  33178

Place of Accident, Incident or Transaction: _____ Interstate 80 in Richland Township, Clarion County, Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/13/19 _____   _____ Attorney-at-Law / Pro Se Plaintiff   49530
Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A. Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☑ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability -- Asbestos
- ☐ 9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Jeffrey A. Krawitz, Esquire _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

MAR 13 2019

DATE: 3/13/19 _____   _____ Attorney-at-Law / Pro Se Plaintiff   49530
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JARED L. TAYLOR | : | CIVIL ACTION |
| v. | : | |
| RYDER TRUCK RENTAL, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 3/n/1\ | Jeffrey A. Krawitz | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 267-907-9600 | 267-907-9659 | jkrawitz@stark-stark.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARED L. TAYLOR<br>346 Duvier Place<br>Maywood, NJ 07607,<br><br>Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL INC.<br>11690 NW 105 Street<br>Miami, FL 33178,<br>and<br>RYDER TRUCK RENTAL INC. D/B/A<br>RYDER TRANSPORTATION SERVICES<br>11690 NW 105 Street<br>Miami, FL 33178,<br>and<br>RYDER TRUCK RENTAL LT<br>11690 NW 105 Street<br>Miami, FL 33178,<br>and<br>RYDER SYSTEM, INC.<br>11690 NW 105 Street<br>Miami, FL 33178,<br>and<br>BREAK THE FLOOR PRODUCTIONS<br>LLC d/b/a NUVO<br>310 West 52nd Street, #35A<br>New York, NY 10019,<br>and<br>NICHOLAS J. HENDERSON<br>56 Portland Street, Apt. 3<br>Portland, ME 04101,<br><br>Defendants. | CIVIL ACTION NO.<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

NOW COMES Plaintiff JARED L. TAYLOR, by and through his undersigned counsel,

and brings the within action against defendants, and avers:

## PARTIES

1.    Plaintiff JARED L. TAYLOR is an adult individual citizen and resident of the State of New Jersey who resides therein at 346 Duvier Place, Maywood, New Jersey 07607.

2.    Defendant RYDER TRUCK RENTAL INC. (hereinafter referred to as "Ryder Inc."), is a Florida corporation duly authorized and registered to do business in the Commonwealth of Pennsylvania with a principal place of business and/or registered corporate address of at 11690 NW 105th Street, Miami, Florida 33178.

3.    Defendant RYDER TRUCK RENTAL INC. doing business as RYDER TRANSPORTATION SERVICES, hereinafter referred to as "Ryder Trans."), is a Florida corporation duly authorized and registered to do business in the Commonwealth of Pennsylvania with a principal place of business and/or registered corporate address of at 11690 NW 105th Street, Miami, Florida 33178.

4.    Defendant RYDER TRUCK RENTAL LT (hereinafter referred to as "Ryder LT"), is a Delaware corporation and/or business trust, duly authorized and registered to do business in the Commonwealth of Pennsylvania with a principal place of business and/or registered corporate address of 11690 NW 105th Street, Miami, Florida 33178.

5.    Defendant RYDER SYSTEM, INC. (hereinafter referred to as "Ryder System"), is a Florida corporation with a principal place of business and/or registered corporate address of 11690 NW 105th Street, Miami, Florida 33178.

6.    Defendant BREAK THE FLOOR PRODUCTIONS LLC, doing business as NUVO (hereinafter referred to as "Break-the-Floor"), is a New York corporation, with a

principal place of business and/or registered corporate address of 5446 Satsuma Avenue, North Hollywood, California 91601.

7.     Defendant NICHOLAS J. HENDERSON (hereinafter referred to as "Henderson") is an adult individual citizen and resident of the State of Maine who upon information and belief resides at 56 Portland Street, Apt.3, Portland, Maine 04101.

## JURISDICTION AND VENUE

8.     There is complete diversity of citizenship and the amount in controversy in this action exceeds $150,000.00 exclusive of interest and costs.

9.     A substantial part of the events giving rise to this action occurred within the Commonwealth of Pennsylvania.

10.    Defendants, Ryder Inc., Ryder Trans., Ryder LT, and Ryder System, conduct significant, systematic, ongoing and continuous business in the Eastern District of Pennsylvania.

11.    Defendants, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System, have multiple physical business locations, offices and/or facilities in the Eastern District of Pennsylvania.

12.    Defendants, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System maintain a corporate office in Alburtis, Lehigh County, Pennsylvania, which is located within the Eastern District of Pennsylvania.

13.    Defendants, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System maintain business/retail establishments in, among other locations: Fairless Hills, Bucks County, Pennsylvania; Philadelphia, Philadelphia County, Pennsylvania; King of Prussia, Montgomery County, Pennsylvania; and Horsham, Montgomery County, Pennsylvania. All of these locations are located within the Eastern District of Pennsylvania.

14.     Defendant Break-the-Floor conducts significant, systematic, ongoing and continuous business in the Eastern District of Pennsylvania, including holding shows, events and/or dance competitions in the Eastern District of Pennsylvania.

15.     Defendants, Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor's business activities and contacts including tractor and trailer service, maintenance and repairs, parts, labor, operating supplies, fuel and fueling, emergency road service, safety programs, and other activities within Commonwealth of Pennsylvania, including the Eastern District of Pennsylvania are directly related to the negligence averments set forth below.

16.     Plaintiff resides in New Jersey and underwent most of his medical treatment in New Jersey. The Eastern District of Pennsylvania is the most convenient venue for plaintiff.

17.     Jurisdiction and venue are, therefore, properly placed with this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1391.

## AGENCY ALLEGATIONS

18.     At all times material to plaintiff's cause of action, defendant Henderson was the operator, driver and/or in control of a certain tractor-trailer then and there operated by said defendant.

19.     At all times material to plaintiff's cause of action, defendants, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System were the owners, possessors, maintainers and/or in control of a certain tractor-trailer being then and there driven by defendant Henderson.

20.     At all times material to plaintiff's cause of action, defendant Henderson was the agent, servant, workman, subcontractor, and/or employee of defendants, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System and then and there acting within the course and scope of his authority and employment for and on behalf of said defendants.

21.     Upon information and belief, at all times material to plaintiff's cause of action defendants, Break-the-Floor, Ryder Inc., Ryder Trans., Ryder LT, and/or Ryder System were in possession of the co-defendants' tractor and trailer involved in the collision.

22.     All of the acts alleged to have been done or not to have been done by defendants herein were done or not done by the defendants, their agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said defendants.

## GENERAL FACTUAL ALLEGATIONS

23.     At the time of the subject collision, Interstate 80 was a divided highway that crosses the Commonwealth of Pennsylvania with at least two eastbound lanes and two westbound lanes.

24.     On March 27, 2017, at approximately 7:20 a.m., plaintiff was resting in the sleeper berth of the tractor-trailer tandem being driven by defendant Henderson in the westbound lanes of Interstate 80 in Richland Township, Clarion County, Pennsylvania.

25.     At the same time and place, the tractor-trailer was caused to go off the right side of the roadway striking and breaking through a guardrail, thereafter travelling down a steep embankment where it struck several trees and landed on Metz Road, continuing thereafter up an embankment where it came to rest.

26.     The aforesaid collision caused the cargo of the trailer to break through the front of the trailer crushing the cab and entrapping plaintiff.

27.     As a result of the negligence, carelessness, and/or recklessness of defendants, plaintiff suffered serious, painful and permanent personal injuries as more particularly described below.

## COUNT I
### NEGLIGENCE
### PLAINTIFF v. DEFENDANT NICHOLAS J. HENDERSON

28.     Plaintiff repeats and re-alleges all previous allegations as if the same were fully set forth at length herein.

29.     The aforesaid collision and plaintiff's injuries were directly and proximately caused by the negligence, carelessness, and/or recklessness of defendant Henderson and upon information and belief consisted of the following:

a.     Failing to keep his vehicle under reasonable control;

b.     Failing to keep a proper lookout on the roadway;

c.     Failing to apply the brakes in time to avoid a loss of control;

d.     Failing to properly stop the commercial vehicle before it left the travel surface;

e.     Failing to remain alert and attentive under the circumstances;

f.     Failing to operate his vehicle within the posted speed limit;

g.     Failing to operate his vehicle at a reasonable speed under the circumstances;

h.     Carelessly driving the vehicle in violation of 75 Pa.C.S. § 3714;

i.     Failing to maintain the lane of travel in violation of 75 Pa.C.S. § 3309;

j.     Driving while distracted and in violation of 49 C.F.R. § 392.80 and 49 C.F.R. § 392.82;

k.     Driving while impaired by a chemical substance in violation of 75 Pa.C.S. § 3802 and applicable federal commercial trucking regulations;

l.     Driving while ill or fatigued in violation of 49 C.F.R. § 392.3 and/or 49 C.F.R. § 395.3;

m.     Failing to properly inspect and maintain the vehicle for mechanical defect and/or safety issues, problems, and/or concerns in violation of 49 C.F.R. 392.7, and/or 49 C.F.R. § 392.9, and/or 49 C.F.R. § 396.3, and/or 49 C.F.R. § 396.7, and/or 49 C.F.R. § 396.9, and/or 49 C.F.R. § 396.13, and/or 49 C.F.R. § 396.17;

n.     Failing to properly inspect and assure that the load was properly secured in violation of 49 C.F.R. § 391.13;

o.     Failing to remove the vehicle from the roadway due to known mechanical defects and/or safety issues, problems, and/or concerns;

p.     Otherwise failing to exercise due and proper care under the circumstances;

q.     Failing to obey all applicable vehicle safety rules, regulations, and laws of the Commonwealth of Pennsylvania, the U.S. Department of Transportation, the Federal Motor Carrier Safety Administration, the U.S. Department of Labor, and the Occupational Safety & Health Administration regarding vehicle safety, inspections, maintenance, equipment, operation, driving, and driver fitness;

r.     Negligence per se for failing to obey the above-stated laws, rules and regulations; and

s.     Negligence as a matter of law.

30.     As a result of the aforesaid collision, plaintiff amongst other injuries sustained a comminuted intra-articular fracture of the distal radius of the right forearm, anterior wedge compression fracture of the C5 vertebral body, non-displaced proximal left fibular fracture,

widening of the C4-C5 joint suggestive of ligamentous injury, rib fracture, L2 transverse process fracture, collapsed lung, concussion, forehead lacerations and TMJ damage.

31.     As a result of the aforesaid collision, plaintiff has thus far undergone several surgeries and procedures including, ORIF right distal radius comminuted fracture, surgical management of the ulnar styloid fracture and application of plaster splint.

32.     As a result of the collision, the plaintiff has thus far undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

33.     As a result of the collision, the plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to affect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

34.     As a result of the collision, the plaintiff has been unable to attend to his usual daily duties and occupation and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

35.     As a further result of the collision, the plaintiff has suffered a loss and depreciation of his earnings and earning capacity and power and he may continue to suffer the same for an indefinite time in the future to his great detriment and loss.

36.     As a further result of this collision, plaintiff also suffered a cosmetic disfigurement which is permanent, irreparable and severe.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant Henderson an amount in excess of one hundred fifty thousand ($150,000) dollars, sufficient to compensate him for his past, present and future pain and suffering, embarrassment and

humiliation, loss of ability to enjoy the pleasures of life, disfigurement, wage loss, income loss,

future earning capacity, past medical expenses, future medical expenses, outstanding liens, future

medical liens, out-of-pocket expenses, compensatory damages, delay damages, punitive

damages, together with interest, costs of suit, and such further relief as this Court deems just and

appropriate.

**COUNT II**
**NEGLIGENCE**
**PLAINTIFF v. DEFENDANTS,**
**RYDER TRUCK RENTAL INC, RYDER TRUCK RENTAL INC. d/b/a**
**RYDER TRANSPORTATION SERVICES, RYDER TRUCK RENTAL LT,**
**RYDER SYSTEM, INC., and BREAK THE FLOOR PRODUCTIONS LLC d/b/a NUVO**

37.     Plaintiff repeats and re-alleges all previous allegations as if the same were fully

set forth at length herein.

38.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT,

Ryder System, and Break-the-Floor qualified the operators of their commercial vehicles

including the tractor-trailer that was involved in the above-stated collision.

39.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT,

Ryder System, and Break-the-Floor hired and qualified defendant Henderson as their agent,

employee, and/or contractor/subcontractor to drive the tractor-trailer that was involved in the

above-stated collision.

40.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT,

Ryder System, and Break-the-Floor trained defendant Henderson as their agent, employee,

and/or contractor/subcontractor regarding the maintenance and operation of the tractor-trailer

that was involved in the above-stated collision.

41.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT,

Ryder System, and Break-the-Floor supervised defendant Henderson as their agent, employee,

and/or contractor/subcontractor in conjunction with his operation of the tractor-trailer that was involved in the above-stated collision.

42.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor retained defendant Henderson as their agent, employee, and/or contractor/subcontractor in conjunction with his operation of the tractor-trailer that was involved in the above-stated collision.

43.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor permitted defendant Henderson as their agent, employee, and/or contractor/subcontractor to operate the tractor-trailer that was involved in the above-stated collision.

44.     Surrounding the time of the above-stated collision, Defendant, Henderson was incapable of safely operating the tractor-trailer involved in the in the above-stated collision.

45.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor controlled the use and operation of the tractor-trailer that defendant Henderson was driving surrounding the time of the above-stated collision.

46.     Upon information and belief, surrounding the time of the above-stated collision, defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor loaded, secured, and inspected the cargo of the tractor-trailer that was involved in the above-stated collision.

47.     Upon information and belief, defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor provided service, maintenance, repairs, parts, labor, operating supplies, fuel and fueling, emergency road service, safety programs, and other activities in conjunction of the tractor-trailer that was involved in the above-stated collision.

48.     Defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor owed the general public, including plaintiff, an ongoing duty to determine and monitor the qualifications and safety of its drivers.

49.     Defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor owed the general public, including plaintiff, an ongoing duty to ensure that at all times, the cargo being carried by the truck and trailer was properly loaded, secured, and safe.

50.     Defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor owed the general public, including plaintiff, an ongoing duty to ensure that at all times, the vehicle was properly inspected, serviced, maintained, and operating in a safe mechanical condition.

51.     The aforesaid collision and plaintiff's injuries were directly and proximately caused by the negligence, carelessness, and/or recklessness of defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor and consisted of the following:

        a.     Failing to properly hire, train, retain, and supervise employees and/or subcontractors who were capable of safely operating a commercial motor vehicle;

        b.     Permitting a driver to operate its commercial motor vehicle who was incapable of safely operating a commercial motor vehicle or was unfit to do so;

        c.     Permitting a driver to operate its commercial motor vehicle who was not qualified to operate a commercial motor vehicle and/or in violation of C.F.R. § 391.11; and/or 49 C.F.R. § 391.51;

        d.     Entrusting the use of a commercial motor vehicle to a driver who defendant knew or should have known was not capable of operating the commercial

motor vehicle in a safe and careful manner or was likely to use the vehicle in a manner so as to create an unreasonable risk of harm to other persons;

e.　　Failing to properly supervise, direct, limit, and/or control the use of the commercial motor vehicle;

f.　　Failing to exercise a reasonable degree of care for the supervision and operation of the commercial motor vehicle and any driver who was utilizing the vehicle;

g.　　Requiring the driver to conform to a schedule that would require the motor vehicle to be operated at speeds greater than those permitted by law in violation of 49 C.F.R. § 392.6;

h.　　Failing to properly inspect and maintain the vehicle for mechanical defects and/or safety issues, problems, and/or concerns and/or in violation of 49 C.F.R. § 392.7, and/or 49 C.F.R. § 392.9, and/or 49 C.F.R. § 396.3, and/or 49 C.F.R. § 396.7, and/or 49 C.F.R. § 396.9, and/or 49 C.F.R. § 396.13, and/or 49 C.F.R. § 396.17;

i.　　Failing to properly inspect and assure that the load was properly secured and/or in violation of 49 C.F.R. § 391.13;

j.　　Respondeat superior and responsibility for acts and omissions of its driver, who was an agent, servant, workman, sub-contractor, and/or employee of defendant;

k.　　Failing to exercise due care under the circumstances.

l.　　Failing to obey all applicable vehicle safety rules, regulations, and laws of the Commonwealth of Pennsylvania, the U.S. Department of Transportation, the Federal Motor Carrier Safety Administration, the U.S. Department of Labor, and the Occupational Safety & Health Administration regarding vehicle safety, inspections, maintenance, equipment, operation, driving, and drivers; and

m.     Negligence per se for failing to obey the above-stated laws, rules, and regulations.

52.     As a result of Ryder Inc.'s, Ryder Trans.'s, Ryder LT's, Ryder System, and Break-the-Floor's negligence, carelessness, and/or recklessness by its decision not to vet its drivers, not to train its drivers in their inherently dangerous work, and not to develop or enforce appropriate guidelines consistent with prevailing safety standards and applicable law, Ryder Inc., Ryder LT, Ryder System, and Break-the-Floor are liable for damages caused to the plaintiff under applicable law.

53.     As a further result of Ryder Inc.'s, Ryder Trans.'s, Ryder LT's, Ryder System's, and Break-the-Floor's negligence, carelessness, and/or recklessness in this regard, plaintiff sustained injuries to his head, neck, back, body and limbs, their bones, cells, nerves, tissues, muscles and functions, including but not limited to a comminuted intra-articular fracture of the distal radius of the right forearm, anterior wedge compression fracture of the C5 vertebral body, non-displaced proximal left fibular fracture, widening of the C4-C5 joint suggestive of ligamentous injury, rib fracture, L2 transverse process fracture, collapsed lung, concussion, forehead lacerations and TMJ damage.

54.     As a result of the aforesaid collision, plaintiff has thus far undergone several surgeries and procedures including, ORIF right distal radius comminuted fracture, surgical management of the ulnar styloid fracture and application of plaster splint.

55.     As a result of the collision, the plaintiff has thus far undergone great physical pain and mental anguish and he may continue to endure the same for an indefinite time in the future, to his great detriment and loss.

56.     As a result of the collision, the plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to affect a cure of his injuries, and he may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

57.     As a result of the collision, the plaintiff has been unable to attend to his usual daily duties and occupation and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

58.     As a further result of the collision, the plaintiff has suffered a loss and depreciation of his earnings and earning capacity and power and he may continue to suffer the same for an indefinite time in the future to his great detriment and loss.

59.     As a further result of this collision, plaintiff also suffered a cosmetic disfigurement which is permanent, irreparable and severe.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants Ryder Inc., Ryder Trans., Ryder LT, Ryder System, and Break-the-Floor an amount in excess of one hundred fifty thousand ($150,000) dollars, sufficient to compensate him for his past, present and future pain and suffering, embarrassment and humiliation, loss of ability to enjoy the pleasures of life, disfigurement, wage loss, income loss, future earning capacity, past medical expenses, future medical expenses, outstanding liens, future medical liens, out-of-pocket expenses, compensatory damages, delay damages, punitive damages, together with interest, costs of suit, and such further relief as this Court deems just and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues.

**STARK & STARK**
**A Professional Corporation**

BY: _____

JEFFREY A. KRAWITZ
Attorney I.D. # 49530
jkrawitz@stark-stark.com
MICHAEL C. KSIAZEK
Attorney I.D. # 201856
mksiazek@stark-stark.com
777 Township Line Road, Suite 120
Yardley, PA  19067
(267) 907-9600
*Attorneys for Plaintiff*

**CORDISCO & SAILE LLC**

BY: _____

MICHAEL L. SAILE, JR.
Attorney I.D. # 89669
msaile@cordiscosaile.com
900 Northbrook Drive, Suite 120
Trevose, PA  19053
(215) 642-2335
*Attorneys for Plaintiff*