IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARED L. TAYLOR | : | CIVIL ACTION |
| v. | : | |
| RYDER TRUCK RENTAL INC., et al. | : | NO. 19-1068 |

MEMORANDUM

Bartle, J.                                              June 13, 2019

Plaintiff Jared L. Taylor, a citizen of New Jersey, has instituted this diversity action against defendants for personal injuries he suffered in a tractor-trailer accident on March 23, 2017, on Interstate 80 in Richland Township, Clarion County, Pennsylvania.  See 28 U.S.C. § 1332.  Defendants have moved to dismiss the complaint under Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.  They also seek dismissal for failure to state a claim for relief under Rule 12(b)(6) and for a more definite statement under Rule 12(e).

We begin with the motion insofar as it seeks dismissal for improper venue.  Under 28 U.S.C. § 1391(b), a civil action such as this may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

> occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this action, there are five defendants which appear to be corporations or business entities. These defendants have various states of incorporation and principal places of business other than Pennsylvania, but all are alleged to have sufficient contacts with this district to be subject to this court's personal jurisdiction.

There is one individual defendant, Nicholas J. Henderson, who is described as the driver of the tractor-trailer involved in the accident. The complaint alleges on information and belief that he is a citizen and resident of Maine. In a recent declaration filed at the court's direction, Henderson declares that he was domiciled in California at the time of the accident but is currently domiciled in Maine. He further states that he has never been domiciled in Pennsylvania.

Under subsection (b)(1) of § 1391, venue is authorized in "a judicial district in which any defendant resides if all the defendants are residents of the State in which the district is located." Thus, all defendants here under this subsection

must at least reside in Pennsylvania, the state in which this judicial district is situated. For purposes of § 1391, a natural person resides in the judicial district in which he or she is domiciled. See 28 U.S.C. § 1391(c)(1). Residency is defined more broadly for entities. See 28 U.S.C. § 1391(c)(2) and (d). Even if venue is correct as to all the non-individual defendants, a subject on which we do not opine, subsection (b)(1) does not fit because Henderson is a resident of Maine.

Under subsection (b)(2), the action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ." 28 U.S.C. § 1391. No events or omissions are alleged to have occurred in the Eastern District of Pennsylvania.[1] The accident took place in Clarion County which is located in the Western District of Pennsylvania. The latter is a district, and indeed the only district, where venue would be proper under § 1391(b).

Accordingly, because venue is wrong in the Eastern District of Pennsylvania, this court, in the interest of justice, will transfer this action, pursuant to 28 U.S.C. § 1406(a), to the Western District of Pennsylvania where it could have been brought. We defer to the court in that district

---

1. Taylor alleges he received his medical treatment in New Jersey.

to resolve the other issues raised by the defendants in their pending motion.